# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| **MARJORY COOPER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 04-1159-CV-W-GAF-SSA |
| | ) |
| **JO ANNE B. BARNHART,** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff filed for disability insurance benefits under Title II of the Social Security Act (the Act), 42 U.S.C. §§ 401, *et seq*. On March 25, 2003, following an administrative hearing, an administrative law judge (ALJ) found that plaintiff was not under a disability as defined under the Act at any time through the date of the decision. On October 26, 2004, the Appeals Council of the Social Security Administration denied plaintiff's request for review.

Judicial review of the Commissioner's decision under 42 U.S.C. § 405(g) is limited to whether there is substantial evidence in the record as a whole to support the decision of the Commissioner. *See Comstock v. Chater*, 91 F.3d 1143, 1145 (8th Cir. 1997). The court's role is not to reweigh the evidence or try the issues de novo. *See Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994). When supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla

but less than a preponderance. It is such relevant evidence as a reasonable person might accept as adequate to support a decision. *Id*.[1]

To establish entitlement to benefits, plaintiff must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable impairment which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* 42 U.S.C. § 423(d). Plaintiff has not met this burden.

In the case at hand, the ALJ found that plaintiff had osteoporosis, high blood pressure, degenerative disk disease of the cervical spine, fibromyalgia, gastroesophageal reflux disease, and a small bunion on the right foot, but did not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. § 404, Subpart P, Appendix 1, Regulations No. 4. The ALJ further found that plaintiff's impairments would not preclude her from performing her past relevant work as a bank teller. Consequently, the ALJ found plaintiff was not disabled.

On appeal, plaintiff alleges that the ALJ erred by discrediting the treating physician opinion of Dr. Ahnemann. Resolutions of conflicts in the evidence are in the first instance for the ALJ. *See Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991); *Cabrnoch v. Bowen*, 881 F.2d 561, 564 (8th Cir. 1989). The Eighth Circuit has held that while opinions of treating physicians are entitled to special weight, they do not automatically control since the record must be evaluated as a whole. *See Bentley v. Shalala*, 52 F.3d 784, 786 (8th Cir. 1995).

In this case, the ALJ considered the opinion of Dr. Ahnemann as follows:

---

[1] Upon review of the record and applicable authority herein, the defendant's position is found to be controlling. Much of the defendant's brief has been adopted without quotation noted.

> The Administrative Law Judge thus acknowledges a recent statement from Dr. Ahnemann, provided at the direct request of claimant's disability attorney (Exhibit 8F). If this statement was found to be an accurate and credible description of claimant's actual residual functional capacity, she clearly would not be able to work at any job, including her past work as a bank teller. Among the abnormalities mentioned by Dr. Ahnemann was arthritis of the bilateral hands that limited ability to handle and finger objects, yet, as mentioned previously, Dr. Scott has noted on numerous occasions that there was no evidence for connective tissue disease. He noted digits and nails to be normal on September 24, 2001 (Ex. 8F). Dr. Jeet observed full bilateral grip strength on March 22, 2001, and also noted that both hands could be fully extended, that fists could be made and that the fingers could be opposed (Exhibit 3F). It appears that the recent assessment from Dr. Ahnemann, completed at the direct request of claimant's attorney, relies heavily on the subjective complaints of claimant herself, and as such, is determined not to be a solid basis for decisionmaking. Accordingly, a lesser degree of probative value is being placed on the specific capacity assessment from Dr. Ahnemann.

The Eighth Circuit has held that an ALJ was justified in discrediting the opinion of a physician when it was based solely on the claimant's subjective complaints and was not supported by his other findings. *See Woolf v. Shalala*, 3 F.3d 1210, 1214 (8th Cir. 1993).

Furthermore, Dr. Ahnemann's treatment records do not contain medically acceptable clinical or diagnostic data to support her opinion regarding plaintiff's limitations. The record shows that Dr. Ahnemann examined plaintiff only two times subsequent to plaintiff's alleged onset of disability, once on January 25, 2000, and again on February 12, 2001. Dr. Ahnemann did not diagnose fibromyalgia after either of these visits. In fact, the February 12, 2001 visit was only for purposes of plaintiff's annual gynecological examination. During the January 24, 2000 examination, Dr. Ahnemann did note that plaintiff possibly had peptic ulcer disease, however, she indicated that plaintiff's symptoms had previously resolved with medication. Although the opinions of a treating physician are generally entitled to substantial weight, such an opinion is not conclusive and must be supported by medically acceptable

3

clinical or diagnostic data. *See Kelley v. Callahan*, 133 F.3d 583, 589 (8th Cir. 1998); *Trossauer v. Chater*, 121 F.3d 341, 343 (8th Cir. 1997). Dr. Ahnemann's opinion was subject to being discredited as being based on plaintiff's subjective complaints and not supported by the medical evidence of record.

Plaintiff also alleges that the ALJ erred by relying on the opinion of Dr. DeMarco, the medical expert who testified at the administrative hearing. The regulations state that the ALJ may ask for and consider the opinions of medical advisors on the nature and severity of plaintiff's impairment and whether the impairment equals the requirements of any listed impairment. *See* 20 C.F.R. § 404.1527(f)(2) (2004). Plaintiff seems to argue that Dr. DeMarco's opinion should not be considered because he is somehow biased, however, there was no objection to Dr. DeMarco's testimony at the hearing.

Dr. DeMarco testified that he believed that plaintiff's treatment records did not contain frequent complaints of fatigue, severe aching, et cetera that he would normally see in an individual with severe fibromyalgia. Although plaintiff alleges that she had "constant complaints of pain and fatigue," she cites only four treatment records during the three and one-half years since her alleged onset date which included these complaints. The ALJ was within his discretion to not consider four treatment records in three and one-half years as not constituting "constant" complaints. Although fibromyalgia can cause joint pain and fatigue, the issue before the ALJ was the severity of plaintiff's fibromyalgia-related symptoms. *See Tennant v. Apfel*, 224 F.3d 869, 870 (8th Cir. 2000) (citing *Riggins v. Apfel*, 177 F.3d 689, 692 (8th Cir. 1999)).

4

Plaintiff further alleges that the ALJ erred in his analysis of the credibility of her subjective complaints. Questions concerning the credibility of a plaintiff's subjective testimony are matters for the Commissioner's discretion. *See Clark v. Chater*, 75 F.3d 414, 417 (8th Cir. 1996). The primary question is not whether plaintiff actually experiences the subjective complaints alleged, but whether those symptoms are credible to the extent that they prevent her from engaging in any form of substantial gainful activity. *See McGinnis v. Chater*, 74 F.3d 873, 874 (8th Cir. 1996); *Pickner v. Sullivan*, 985 F.2d 401, 404 (8th Cir. 1993). The mere fact that working may cause a claimant pain or discomfort does not mandate a finding of disability. *See Cruse v. Brown*, 867 F.2d 1183, 1186 (8th Cir. 1989). It is for the Commissioner to weigh the evidence and assess plaintiff's credibility.

The ALJ's consideration of the subjective aspects of plaintiff's complaints comported with the Commissioner's regulations at 20 C.F.R. § 404.1529 and the framework set forth in *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). *Polaski* requires the ALJ to give full consideration to all evidence relating to plaintiff's subjective complaints, including plaintiff's prior work record, observations by third parties and physicians regarding her disability, daily activities, the duration, frequency and intensity of pain, precipitating and aggravating factors, dosage, effectiveness and side effects of pain medication and the claimant's functional restrictions. *Id*. at 1322. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole. *See Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996); *Wilson v. Chater*, 76 F.3d 238, 241 (8th Cir. 1996). The evidence in this case does not show that plaintiff's subjective complaints are completely credible.

Plaintiff alleges the ALJ erred by relying on a lack of objective medical evidence with regard to her fibromyalgia. Instead, the record reflects that the ALJ relied on a lack of subjective complaints to

5

her treating physicians consistent with disabling levels of pain. For example, the ALJ noted that plaintiff recently reported a pain level of 4 on a 10-point scale which suggested less than incapacitating pain. The mere fact that working may cause plaintiff pain or discomfort does not mandate a finding of disability. *See Jones v. Chater*, 86 F.3d 823, 826 (8th Cir. 1996). The Eighth Circuit has noted that when the ALJ referred to the *Polaski* considerations and cited inconsistencies in the record, he may properly find a claimant not credible. *See Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000); *McKinney v. Apfel*, 228 F.3d 860, 864 (8th Cir. 2000).

Although plaintiff sought treatment for fibromyalgia, she has been prescribed only conservative treatment. The Eighth Circuit has consistently held that allegations of a disabling impairment may be properly discounted because of inconsistencies such as minimal or conservative medical treatment. *See Loving v. Dept. of Health & Human Services*, 16 F.3d 967, 970 (8th Cir. 1994); *Robinson v. Sullivan*, 956 F.2d 836, 840 (8th Cir. 1992); *Nelson v. Sullivan*, 946 F.2d 1314, 1317 (8th Cir. 1991).

Plaintiff alleges that the ALJ erred by failing to consider her work history and her medications in his credibility analysis. In his decision, the ALJ stated that "Plaintiff began work as a bank teller in 1979, and was, thus, consistently employed in that capacity for the same employer until December 1999." Although the ALJ did not discuss plaintiff's medications, such a failure in and of itself is not reversible error. *See Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004) ("The ALJ is not required to discuss each Polaski factor as long as the analytical framework is recognized and considered. Brown v. Chater, 87 F.3d 963, 966 (8th Cir. 1996).").

6

Finally, plaintiff alleges that the ALJ erred by not discussing the testimony of her husband. In this case, the ALJ acknowledged that plaintiff's husband testified at the hearing. Although he did not separately discuss Mr. Cooper's credibility, it is reasonable to assume the ALJ found his testimony credible only to the extent it was consistent with other credible evidence of record. *See Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000) (citing *Lorenzen v. Chater*, 71 F.3d 316, 319 (8th Cir. 1995)) (The court further noted that, because the same evidence also supports discounting the testimony of Young's husband, the ALJ's failure to give specific reasons for disregarding his testimony is inconsequential).

Plaintiff states that she cannot be expected to work in a bank where her errors and inability to focus would affect other individuals' bank accounts. If plaintiff's errors were so egregious, it would be expected that she would be reprimanded or fired. However, she was not terminated and, in fact, she testified that her employers were "real good about it" and "understood the problem."

With regard to her activities of daily living, the record shows that plaintiff reported taking trips to Colorado, Las Vegas, and the Bahamas; reading magazine and the local newspaper; watching some television; going to church; participating as a member of the Eastern Star; preparing easy meals; doing some grocery shopping; doing small amounts of housework at a time; taking care of a dog and cat; going to some garage sales; walking short distances for exercise; and visiting with friends sometimes. Plaintiff's ability to engage in many normal daily living activities provides evidence which "further confirms" the ability to work on a daily basis in the national economy. *See Young*, 221 F.3d at 1069 (citing *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000)). *See also* 20 C.F.R. § 404.1529(c)(3)(i) (2004).

Though the ALJ's written decision could have discussed more of the factors in greater detail, the simple failure to do so is not error in itself. *See Brown v. Chater*, 87 F.3d 963 (8th Cir. 1996). The ALJ articulated the inconsistencies on which he relied in discrediting plaintiff's testimony regarding her subjective complaints, and his credibility finding is supported by substantial evidence on the record as a whole.

After considering all of the evidence of record, the ALJ found that plaintiff retained the residual functional capacity to sit continuously for two to three hours, with total sitting for six to seven hours during a typical eight-hour workday; stand continuously for one to two hours, with total standing up to four to six hours; walk three to four blocks at least on even surfaces; lift and carry objects weighing 15 to 20 pounds; occasionally bend at work; and occasionally climb stairs; and that she has full bilateral grip strength; needs to work in a relatively clean environment; and must avoid extreme of temperature and humidity. The Eighth Circuit has noted that residual functional capacity is a determination based upon all the record evidence. *See Dykes v. Apfel*, 223 F.3d 865, 866-87 (8th Cir. 2000)(citing 20 C.F.R. § 404.1545; Soc. Sec. Ruling 96-8p, at pp. 8-9).

At the administrative hearing, a vocational expert testified that plaintiff's past relevant work as a bank teller was semi-skilled, light work. Based on testimony from the vocational expert, the ALJ determined that plaintiff's past relevant work as a bank teller was not precluded by her residual functional capacity. "Where the claimant has the residual functional capacity to do either the specific work previously done or the same type of work as it is generally performed in the national economy, the claimant is found not to be disabled." *See Lowe*, 226 F.3d at 973 (citing *Jones v. Chater*, 86 F.3d 823, 826 (8th Cir. 1996)). *See also* 20 C.F.R. § 404.1520(a)(4)(iv), (f) (2004).

8

9

WHEREFORE, for the reasons stated herein, the Commissioner's decision is affirmed.

          /s/ Gary A. Fenner
          GARY A. FENNER, JUDGE
          United States District Court

DATED:   August 15, 2005